**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and LAFACE RECORDS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 15, <br><br> Defendants. | Case No. 02:07-cv-00450 <br><br> Judge Michael Watson <br><br> Magistrate Judge Nora King |

**PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANT JOHN DOE #13 TO QUASH SUBPOENA**

Plaintiffs respectfully submit this opposition to Defendant John Doe #13's ("Doe" or "Defendant") motion to quash a subpoena issued by Plaintiffs to Ohio University (the "University"). For the reasons discussed below, Defendant's motion should be denied.

Defendant asks this Court to quash the subpoena on the grounds that (1) Plaintiffs have supposedly failed to state a *prima facie* claim for copyright infringement; and (2) Plaintiffs use of a "John Doe" lawsuit in this matter was improper. These are not proper bases on which to

quash a subpoena under Fed.R.Civ.P. 45(c)(3) and would serve solely to immunize the Defendant from liability for violating Plaintiffs' copyrights.  Moreover, Defendant's arguments regarding the sufficiency of Plaintiffs' complaint are irrelevant at this stage of the litigation – the proper standard for determining the sufficiency of Plaintiffs' complaint is whether Plaintiffs' have met the liberal pleading standard of Fed.R.Civ.P. 8(a), which they have.  Finally, Defendant's argument that Plaintiffs' use of a "John Doe" lawsuit in this matter was improper is flatly contradicted by both this Court's previous rulings and by the relevant case law, including those cases cited by Defendant in Defendant's "Memorandum [in] Support of A Motion to Quash Subpoena" (Defendant's "Supporting Brief") (Doc. #2, pp. 2-8).

## BACKGROUND

The Court is familiar with the background of this case.  Every month, copyright infringers like Defendant Doe #13 unlawfully distribute billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks.  *See* Lev Grossman, *It's All Free*, Time, May 5, 2003.  As a direct result, Plaintiffs have and continue to sustain substantial financial losses.

P2P users who distribute (upload) and copy (download) copyrighted material violate the copyright laws.  *See, e.g., Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster Ltd., et al.,* 545 U.S. 913, 918-923 (2005) (noting that users of P2P networks share copyrighted music and video files on an enormous scale, and, as such, even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643. Copyright infringement over P2P networks is widespread, however, because users can conceal their identities by means of an alias, copyright owners can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers.

Doe #13 is an active participant on a P2P network, distributing copyrighted sound recordings stored on his computer to others and downloading copyrighted sound recordings from other users of the P2P network. Plaintiffs discovered Defendant openly distributing sound recordings whose copyrights are owned by Plaintiffs by logging onto the P2P network and viewing the files that Defendant was distributing to other users. Defendant is a significant infringer. He has chosen to distribute from his computer as many as 366 sound recordings whose copyrights are owned by several of the Plaintiffs. (*See* Exhibit A to the Complaint.) In conjunction with the complaint filed in this case, Plaintiffs listed a sample of the songs that Defendant was distributing without authorization. (*See id.*)

As has previously been explained to the Court in the Linares Declaration filed with the original *Ex Parte* Motion to Take Immediate Discovery ("Discovery Motion"), upon finding Defendant distributing large numbers of copyrighted works, Plaintiffs gathered substantial evidence of Defendant's illegal conduct. Plaintiffs could not ascertain Defendant's name, address, or any other contact information, but could identify the Internet Protocol ("IP") address from which the Defendant was unlawfully distributing Plaintiffs' copyrighted works. *See* Linares Decl. ¶ 18. Using the IP address, Plaintiffs determined that Defendant was using the University's internet service to distribute copyrighted works unlawfully. *Id*. The University maintains logs that match IP addresses with their users' computers. *Id.* ¶ 12. By looking at its IP address logs, the University can match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement. Thus, the University—and only the University—can identify the Defendant in this case.

## ARGUMENT

Defendant asks this Court to quash Plaintiffs' Rule 45 subpoena because Plaintiffs' Complaint allegedly fails to state a *prima facie* claim for copyright infringement. Defendant's

argument fails because it does not provide a basis for quashing a subpoena, because Plaintiffs have established good cause for seeking Defendant's identity, and because Plaintiffs' have stated a claim for copyright infringement, as shown below.

      A.      <u>Defendant Has Failed To Articulate A Valid Basis For Quashing The Subpoena.</u>

Rule 45(c)(3) specifies four grounds on which a subpoena may be quashed. Specifically, a subpoena may be quashed if it: (1) fails to allow reasonable time for compliance; (2) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). Defendant Doe #13 fails to identify any basis under Rule 45(c)(3) on which he is moving to quash the subpoena. Defendant's failure to identify such a basis is not coincidental. Defendant's arguments regarding the sufficiency of Plaintiffs' complaint, Plaintiffs' supposed failure to make certain allegations, and the supposed lack of evidence in the record of infringement are simply not valid bases on which to quash a subpoena. There will be a time for Defendant to deny Plaintiffs' allegations and to contest Plaintiffs' theory of their case, but that time is not now. For this reason alone the Motion should be denied.

      B.      <u>Plaintiffs Have Established Good Cause For Obtaining Defendant's Identity.</u>

Contrary to Defendant's assertion, Plaintiffs' use of a "John Doe" lawsuit and the Court's Order granting Plaintiffs' Discovery Motion on an *ex parte* basis were both proper because Plaintiffs have met the flexible good cause standard that most courts apply in deciding whether to grant orders for expedited discovery in circumstances like those presented here. Under this standard, courts examine the reasonableness of the discovery request in light of all of the surrounding circumstances, *see, e.g., Ayyash v. Bank Al-Madina*, 2005 U.S. Dist. LEXIS 14276 (S.D.N.Y. 2005), and generally find good cause in cases involving claims of infringement.

*Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("The good cause standard may be satisfied ... where the moving party has asserted claims of infringement ..."); *Benham Jewelry Corp. v. Aron Basha Corp.,* 1997 U.S. Dist. LEXIS 15957 (S.D.N.Y. 1997). Plaintiffs' *ex parte* discovery request is reasonable here because they do not know who Defendant is, the *only* entity which can identify Defendant is the University, and because Plaintiffs have no other avenue of discovering Defendant's identity and pursuing their infringement claims against him.

As this Court has already found, both in this case and in similar copyright infringement cases, Plaintiffs' *ex parte* request for expedited discovery is reasonable under the good cause standard. *See*, *e.g.*, Order, *Arista Records LLC v. Does 1-4*, Case No. 2:05-cv-0277 (S.D. Ohio June 9, 2005). The cases cited by Defendant either do not compel a different result, or directly support *Plaintiffs'* position in this case. For instance, in *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, a case very similar to this one, the Court denied the Defendant's Motion to Quash the subpoena, which raised several of the same issues Defendant has raised here, and held that the plaintiff copyright owners were entitled to expedited discovery. The Court held that the plaintiffs, on evidence very similar to that submitted in the case at hand, had "made a concrete showing of a *prima facie* claim of copyright infringement." *Id.* at 565. In *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the court noted that, in certain cases, expedited discovery should be permitted on an *ex parte* bases, so long as certain conditions are met. *Id.* at 577. Assuming, *arguendo*, that *Columbia Ins. Co. v. Seescandy.com* is applicable to the case at hand, Plaintiffs here have met each of those conditions: (1) Plaintiff have identified the Doe defendants with sufficient specificity for the Court to determine that they are real persons who can be sued in federal court; (2) Plaintiffs have established that the

discovery they are seeking is the only method available to them to discover the identity of the Doe defendants; (3) Plaintiffs have demonstrated, in both their Complaint and in the present pleading, that their suit can withstand a motion to dismiss; and (4) Plaintiffs have set forth the form of discovery Plaintiffs are seeking, the justification for the discovery sought, the entity on whom the requested subpoena will be served, and the likelihood that the discovery sought will provide the missing information necessary for service of process in their Discovery Motion.

The other cases cited relied upon by Defendant to support his argument that Plaintiffs' Discovery Motion was improper are equally unavailing[1] as is Defendant's argument that his identity is protected from disclosure by his right to privacy and anonymity. (Defendant.'s Supp. Br. at 6-7.) *Sony Music Entertainment, Inc. v. Does 1-40* explicitly rejected the identical First Amendment argument made by Defendant here when, looking at evidence almost identical to that at issue in this case, the court held that the "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." 326 F.Supp.2d at 567. The same holds true here. Quite simply, nothing in Defendant's motion changes the fact that Plaintiffs have met the good

---

[1] *Petway v. City of New York*, 02-Civ. 2715, 2005 U.S. Dist. LEXIS 37783, *12-*13 (E.D.N.Y. Sept. 2, 2005) explicitly recognized that, "in certain situations a plaintiff may not be in a position to know the actual identity of a defendant and therefore should be permitted to proceed against an unidentified party" and allowed the plaintiff to proceed against two unnamed police officers as "John Doe" defendants for three years. *Id.* at *12-*15 (citations omitted). Likewise, in *Strauss v. City of* Chicago, 760 F.2d 765 (7th Cir. 1985), the court allowed the plaintiff to proceed against an unnamed police officer as a "John Doe" defendant. In both cases, the court dismissed the plaintiffs' claims against the Doe defendants only because the plaintiffs ultimately failed to effect service. Here, Plaintiffs will serve immediate discovery on the University to discover the identity of the Doe defendants and will take steps to serve each of them in a timely manner. *In re Ticketplanet.com*, 313 B.R. 46, 55 n.4 (Bankr. S.D.N.Y. 2004), is inapposite: the Debtor simply named "John Does 1 and 2" in the complaint and the court noted that "no cause [was] shown to permit a John Doe filing." This is in stark contrast to Plaintiffs' Discovery Motion, which establishes good cause for proceeding against the Doe defendants until Plaintiffs are able to determine their identities through discovery to the University.

cause standard for granting expedited discovery and Plaintiffs' have fully established their right and need to do so on an *ex parte* basis.

      C.    <u>Plaintiffs' Complaint Complies With The Liberal Notice Pleading Standards Of Rule 8 And States A Prima Facie Claim For Copyright Infringement.</u>

Plaintiffs' complaint is not subject to dismissal at this stage of the litigation because Plaintiffs have met their pleading burden under Fed.R.Civ.P. 8(a) by alleging facts sufficient to state a claim for copyright infringement. As discussed above, whether Plaintiffs' complaint can survive a motion to dismiss is not the standard by which Plaintiffs' Discovery Motion is to be judged and does not present a valid basis for quashing the subpoena. However, even if Defendant's arguments were appropriate at this stage, which is not the case,[2] Plaintiffs have made a *prima facie* showing of copyright infringement.

Fed.R.Civ.P. 8(a) requires, in pertinent part, that Plaintiffs' Complaint include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a).

In the context of copyright infringement, in order to state a claim, a plaintiff need only allege: (1) that the plaintiff owns valid copyrights and (2) that Defendant violated one or more of the exclusive rights in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works. *See Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001); *see also, e.g., Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991) ("To establish copyright infringement, two elements must be proven: (1) ownership

---

[2] Should the Court nonetheless wish to consider Defendants' argument that Plaintiffs have allegedly provided insufficient evidence to state a prima facie claim of copyright infringement, Plaintiffs respectfully request an opportunity to provide such evidence.

of a valid copyright, and (2) copying of constituent elements of the work that are original."); 4 Melville Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant.").

Plaintiffs have met this burden. Plaintiffs have alleged that they own valid copyrights in the sound recordings identified in Exhibit A of the Complaint, and that they have properly registered their copyrights in those sound recordings. Defendant does not refute these allegations. Plaintiffs have further alleged that Defendant has used and continues to use an online media distribution system to download (copy) and distribute the sound recordings identified in Exhibit A, in violation of Plaintiffs' copyrights and exclusive rights under the Copyright Act. (Complaint ¶ 22.) Such allegations suffice to establish a copyright claim because they establish Plaintiffs' ownership of valid copyrights in clearly specified works and because they expressly state the acts by which and the time during which copyright infringement took place, namely the continuous and ongoing reproduction and distribution of the Copyrighted Recordings using an online media distribution system. *See Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d at 565-66 (allegations that each defendant "used and continues to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain of the copyrighted recordings in Exhibit A to the complaint" held sufficient to adequately plead Doe defendants' infringement of plaintiffs' licenses and copyrights) (citation, internal quotation marks omitted).

Every court that has considered a motion to dismiss virtually identical allegations against other defendants in similar copyright cases has determined that the plaintiff record companies'

allegations satisfy Rule 8 and Rule 12. In addition to many unpublished decisions, the following decisions are available on Lexis and Westlaw: *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 390 (C.D. Cal. 2005); *Elektra Entertainment Group, Inc. v. Santangelo*, No. 05-CV-2414-CM 2005, U.S. Dist. LEXIS 30388 (S.D.N.Y. Nov. 28, 2005) (denying the defendants' motion to dismiss, finding that Plaintiffs' Complaint satisfied Rule 8's pleading requirements, as applied to copyright infringement claims.); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, at 565 (S.D.N.Y. 2004) (in rejecting a similar motion to quash the Court noted that "Plaintiffs have made a concrete showing of a *prima facie* claim of copyright infringement"); *Arista Records LLC v. Gruebel*, 453 F.Supp 2d 961 (N.D. Tex. 2006); *Interscope Records v. Duty*, No. 05-CV-3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214 (D. Ariz. April 14, 2006); *Maverick Recording Co. v. Goldshetyen*, No. CV-05-4523 (DGT), 2006 U.S. Dist. LEXIS 52422 (E.D.N.Y. July 31, 2006); *Warner Bros. Records, Inc. v. Payne*, No. W-06-CA-051, 2006 U.S. Dist. LEXIS 65765 (W.D. Tex. July 17, 2006).

Moreover, Plaintiffs allegations of Doe defendants' unlawful distribution are well supported on the face of the Complaint, which shows massive infringement by this Defendant. For example, Plaintiffs have gathered substantial evidence that Defendant has unlawfully distributed 366 of Plaintiffs' copyrighted works and have attached to the Complaint a partial list of the sound recordings that Defendant downloaded and/or distributed to the public. *See* Ex. A, Complaint. Thus, Plaintiffs have already presented competent evidence that Defendant was distributing more than 300 of Plaintiffs' copyrighted sound recordings without authorization and had previously illegally downloaded (reproduced) hundreds of copyrighted sound recordings. Defendant may dispute that evidence, and may deny Plaintiffs' claims, but that is not a basis for quashing the subpoena.

D.     Plaintiffs Theory of Copyright Infringement Is Well-Supported Under The Law.

As discussed above, Plaintiffs' Complaint stands on its own and is sufficient to state a claim for copyright infringement. The Linares Declaration, which Defendant appears to confuse with Plaintiffs' Complaint, simply provides factual support for Plaintiffs' contention that good cause existed for this Court to grant Plaintiffs' request for expedited discovery. As such, Defendant's argument that "the theory advanced in the Linares Declaration," in support of Plaintiffs' Discovery Motion, is "incorrect under the law," (Defendant's Supp. Br. at 4), is unavailing.

Moreover, the "theory" of copyright infringement contained in the Linares Declaration, and in Plaintiffs' Complaint, is well supported. Defendant misconstrues the nature of Plaintiffs' claims when he states that "the grounds" for Plaintiffs' Discovery Motion is "that the individual users of internet services infringed plaintiffs' copyrights by storing music files on the their computers while connected to the internet without sufficient protection to prevent third parties from accessing those music files and copying them."[3] (Defendant's Supp. Br. at 2-3.) Likewise, Defendant's argument that "the only copying alleged was conducted by Plaintiffs' own agent, who had permission to copy the files," (Defendant's Supp. Br. at 3), is incorrect. Plaintiffs' claims for copyright infringement are based on well-supported allegations of *direct* copying and

---

[3] Defendant's arguments that Plaintiffs' complaint is deficient because they have failed to allege "that individual users invited anyone to copy their music files," that "individual users were aware that anyone copied their music files," that "individual users were even aware that their music files could be copied by third parties such as plaintiffs [sic] agents," and that there exists "a duty for individual users to protect their music files from copying by third parties over the internet" are equally misplaced. (Defendant's Supp. Br. at 3.) None of the "missing" allegations are necessary to state a claim for copyright infringement. *See supra* pp. 7-8. Moreover, copyright infringement is a strict liability claim, the defendant's "motive or intent is irrelevant to establishing liability." *Flyte Time Tunes v. BSB Inns, Ltd.*, No. 89-cv-564, 1990 U.S. Dist. LEXIS 9330, *8, (N.D.N.Y. July 16, 1990); *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 299 (3d Cir. 1991) (it "is settled law that innocent intent is generally not a defense to copyright infringement.").

distribution of Plaintiffs' copyrighted sound recordings by each of the Doe defendants. Uploading and downloading copyrighted works over a P2P network, which Plaintiffs have alleged Defendant has done on a massive scale, clearly violates federal law and Plaintiffs' exclusive rights under the Copyright Act. *See e.g.*, *BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005); *In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) ("swap[ping] computer files containing popular music . . . infringes copyright"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001); *Sony Music Corp., et al. v. James Scott*, No. 03-Civ.6886-BSJ (Feb. 18, 2005 S.D.N.Y) (finding "no genuine issue of material fact as to Defendant's liability for infringing Plaintiffs' copyrights.").

As to Plaintiffs' allegation that Defendant improperly distributed such files, Defendant does not appear to dispute the truth of that allegation, but rather contends that Defendant is not liable for distributing the copyrighted sound recordings to millions of people because "nothing in the Complaint . . . alleges any Doe defendant received a commercial advantage by storing copyrighted files in a place where others could access them and make copies." (Defendant's Supp. Br. at 4.) Defendant's presumption is incorrect because (a) a copyright owner's exclusive rights are found in Section 106 of the Copyright Act, not Section 109; and (b) there is no requirement that a plaintiff must allege the defendant received a commercial advantage in order to state a claim for copyright infringement. Section 106 of the Copyright Act, 17 U.S.C. § 101, *et seq.*, which sets forth the rights that a copyright holder may enforce, "contains no 'for profit' requirement." *LaSalle Music Publrs., Inc. v. Highfill*, 831 F.2d 300 (8th Cir. 1987) ("Title 17 U.S.C. § 106 sets forth the rights that a copyright holder may enforce" and does not contain a "for profit" requirement); *see also Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 299 (3d Cir. 1991) (noting that legislative intent was to grant the copyright owner the right

to control public distribution, "whether by sale, *gift*, loan, or some rental or lease arrangement") (emphasis added) (citation omitted); *Pedrosillo Music v. Radio Musical, Inc.*, 815 F. Supp. 511, 514 (D.P.R. 1993) ("showing of profit" not necessary "to make out a cause of action for copyright infringement."); *Almo Music Corp. v. 77 East Adams, Inc.*, 647 F. Supp. 123, 125 (N.D. Ill. 1986) ("plaintiffs did not have to plead that their copyrighted work was performed for profit in order to survive a motion to dismiss.").

Similarly, the cases Defendant cites in support of his claim that their "theory of copyright infringement has been considered by courts in prior cases and has never been adopted," (Defendant's Supp. Br. at 4), either support *Plaintiffs'* "theory", or are inapposite because they were decided on the unique and distinguishable facts before those courts. *Arista Records, Inc. v. MP3Board, Inc.*, 2002 U.S. Dist. LEXIS 16165 (S.D.N.Y. Aug. 29, 2002) supports Plaintiffs' position because the court found Plaintiffs' allegations sufficient to survive the defendant's motion for summary judgment and allowed the case to proceed. *Obolensky v. G.P. Putnam's Sons*, 628 F. Supp. 1552, 1554 (S.D.N.Y. 1986) is distinguishable because it involved a defendant who identified itself as the publisher of Plaintiffs' book; there were no allegations of copying or distribution of the copyrighted material as there are here. The primary issue in *National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993) was whether the Copyright Act preempted the plaintiff's claim for breach of a licensing agreement regarding the use of computer software. The court commented on the distribution requirement only in the context of rejecting the defendant's argument that simply using the plaintiff's computer program to benefit another constituted a distribution. *Id.* at 434. *SBK Catalogue Partnership v. Orion Pictures Corp.*, 723 F. Supp. 1053 (D.N.J. 1989) and *CACI Intern., Inc. v. Pentagen Tech. Intern.*, 1994 U.S. Dist. LEXIS 21457, *12, 93 Civ. 1631

(E.D.Va. June 16, 1994) (Appendix 3) are inapposite because they did not involve the direct copying and distribution of copyrighted works over a P2P network that is alleged here.

In sum, Plaintiffs have stated a claim for copyright infringement and have provided more than sufficient information to warrant the limited discovery they seek. Thus, this Court correctly found that Plaintiffs have met the standard for expedited discovery on an *ex parte* basis. Indeed, it was for these reasons that this Court—like the hundreds of other courts across the country that relied on precisely the same kind of evidence in parallel cases—granted Plaintiffs leave to serve the subpoena seeking the defendants' identifying information. (*See* attached Exhibit 1 for a partial list of cases in which courts have granted motions for leave to take expedited discovery in parallel cases.)

## CONCLUSION

Defendant has not presented a single valid basis for quashing the subpoena. Even if Defendant's arguments did present a potential basis for quashing the subpoena, for all of the foregoing reasons, Plaintiffs have met the good cause standard for obtaining expedited discovery on an *ex parte* basis, and Plaintiffs' Complaint has stated a *prima facie* claim for copyright infringement. Accordingly, Plaintiffs respectfully request that this Court deny Defendant's motion to quash the subpoena and order the University to fully comply with the subpoena forthwith.

Respectfully submitted,

Dated: August 14, 2007                    By:   s/ Lloyd Pierre-Louis
                                                Lloyd Pierre-Louis (0068086) Trial Counsel
                                                Pierre-Louis & Associates, LLC
                                                Attorneys at Law
                                                5 East Long Street, Suite 700
                                                Columbus, Ohio 43215
                                                Telephone: (614) 232-9055
                                                Facsimile: (614) 232-9077

                                                Of Counsel:
                                                Michael T. Bivens, Esq. (0076199)
                                                5 East Long Street, Ste. 700
                                                Columbus, Ohio 43215
                                                Telephone: (614) 232-9066
                                                Facsimile: (614) 232-9077

                                                ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies service via electronic mail through registration with this Court on August 14, 2007 upon the following counsel of record.

Christopher J. Minnillo, Esq.
1500 West Third Avenue, Suite 210
Columbus, Ohio 43212
Attorney for Doe #13

                                                s/Lloyd Pierre-Louis